√ **FILED** ___ **LODGED**
___ **RECEIVED** ___ **COPY**

**SEP 1 7 2012**

**CLERK U S DISTRICT COURT**
**DISTRICT OF ARIZONA**
BY_____ **DEPUTY**

1  EUGENE WILLIAMS, PLAINTIFF
   1209 W. SHUMWAY FARM ROAD
2  PHOENIX, AZ 85041
   hawaiilgcfinc@gmail.com
3

4          **IN THE UNITED STATES DISTRICT COURT**
                  **STATE OF ARIZONA**

5  EUGENE WILLIAMS, a single man )   CASE NO.:  CV-12-01970-PHX-DKD
                                 )
6              Plaintiff,        )   VERIFIED COMPLAINT FOR DAMAGES:
                                 )
7          vs.                   )   **PROTECTING TENANTS AT**
                                 )   **FORECLOSURE ACT; ARIZONA**
8  THR PHOENIX LLC, fictitious unlicensed )  **CONSUMER FRAUD; VIOLATION OF**
   entity;                       )   **FAIR DEBT COLLECTION PRACTICES**
9  THG REALTY LLC, a Arizona limited )  **ACT; ABUSE OF PROCESS;**
   liability corporation;        )   **MALICIOUS PROSECUTION;**
10 TREEHOUSE GROUP REALTY; a Arizona )  **INTENTIONAL INFLICTION OF**
   limited liability corporation trade name; )  **EMOTIONAL DISTRESS**
11                               )
12                               )   TRIAL BY JURY OF TWELVE REQUESTED
           Defendant(s)          )
13                               )
                                 )
14 _____)

15                  **COMPLAINT**

16     **COMES NOW**, the Plaintiff Eugene Williams to complain of the
17 defendants as follows:

18     1. Defendants obtained ownership of the subject property through a non-
19 judicial foreclosure on or about August 2012, on the home that Plaintiff Eugene
20 Williams occupies as a Tenant. Plaintiff Williams had a valid and current lease to
21 the home at the time of the foreclosure, but Defendants sought to evict Plaintiff
22 Williams in flagrant violation of the lease and federal law. By this lawsuit,
23 Plaintiff Williams seeks damages, and with Plaintiff Williams declaratory and
24 injunctive relief necessary to ensure that Defendants respect federal law.

25                  **JURISDICTION AND VENUE**

26     2.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.   Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.   Plaintiff Eugene Williams (hereinafter "Plaintiff") is a resident of Maricopa County and resides in the subject property located at 1209 W. Shumway Farm Road, Phoenix AZ 85041.

5.   Defendant "THR" Phoenix LLC, a/k/a THR Phoenix LLC, (hereinafter "THR") is a <u>fictitious fraudulent entity not registered</u> as a business entity pursuant to the Arizona Secretary of State.  Defendant THG Group Realty (see, below Defendant) has used this fictitious entity in Arizona in tens of Forcible Detainers in Maricopa County Justice Court, including the Plaintiff. Upon information and belief, Plaintiff states defendant's use of these fictitious names to fraudulently conceal their true identity and perpetrate fraud.

6.   Defendant THG Realty LLC, (hereinafter "THG") is a foreign California limited liability corporation who is the Agent/Owner of operates under the trade name of Treehouse Realty Group LLC, business within the state of Arizona and has place of business at 2075 S. Cottonwood Drive, Tempe Arizona 85282. The registered agent for the defendant is Dallas B. Tanner with an address of 3665 E. Sierra Madre, Gilbert AZ 85296.

7.   Defendant Treehouse Group Realty LLC, (hereinafter "TREE") is an Arizona limited liability corporation owned by defendant THG Realty LLC. "TREE" operates out the same business address as all other defendants which are 2023 E. University #3, Tempe AZ 85281.

## FACTS

8.   The Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), requires the purchaser of residential property at a foreclosure sale to honor bona fide leases existing prior to the sale. Pub. L. No. 111-22, §702 (May 20, 2009), *codified at* 12

1  U.S.C. §5220 note. The PTFA also requires the purchaser of residential property

2  at a foreclosure sale to give bona fide tenants ninety day notice to vacate. *Id.* at §

3  702(a)(1).

### VIOLATION OF PROTECTION TENANTS AT FORECLOSURE ACT
(12 U.S.C.§5220"PTFA)

5  9. Plaintiff Williams and his family have been living in the home located

6  at 1209 W. Shumway Farm Road, Phoenix, AZ 85041 ("the home") since the fall

7  2011. Plaintiff Williams lived there with his wife and, his children. Plaintiff

8  Williams rented this home from the previous owner Candido Lopez for $650.00 a

9  month, the lease is filed in the Maricopa County Recorder Office under document

10  number 20010857122. The original term of this written lease ends on September

11  1, 2013. Plaintiffs attach a true and correct copy of the lease as "Exhibit A".

12  This lease does not grant the landlord a right to inspect or enter the property

13  without tenant's permission.

14  10. On information and belief, Defendant THR purchased the property at a

15  foreclosure sale on or about August 2012.

16  11. On or about August 6, 2012 Plaintiff received a phone call from the

17  defendant "THG" agent by the name of Dawn Rambo (fictitious name) and

18  was requested by her to come to the office. Plaintiff arrived at defendant

19  "THG" office 2075 S. Cottonwood Drive, Tempe AZ. The conversation

20  consisted of Dawn Rambo threatening eviction if Plaintiff Williams did not

21  sign a new lease with defendant "THG". She further insisted that Plaintiff

22  Williams had to agree to new rent increase from the current lease amount of

23  $650.00 to $1095.00. Dawn Rambo stated that Plaintiffs rent was too low, and

24  specified the fact Plaintiff property had a small pool, which also justified the

25  increase. Plaintiff Williams feeling threatened informed Dawn Rambo that he

26  would consider the proposal and get back with her. Plaintiff Williams

1    informed her that he would continue to make his monthly rental payments to

2    defendant "THG" on September 1, 2012. Dawn Rambo did not object to this.

3        12. Plaintiff Williams after consulting with counsel was informed that Plaintiff

4    was not obligated to enter in to a new lease with defendants, and that his tenancy

5    was protected under the PTFA, collectively under the Arizona Landlord Tenant

6    Act.

7        13. On or about August 16, 2012, Plaintiff Williams received a Notice from

8    defendant "THG" Phoenix LLC.   The letter was titled "Notice from the New

9    Owners of This Property" This letter gave Plaintiff Williams five (5) days' notice

10   to vacate the property. The letter demanded that Plaintiff Williams provide a

11   written lease or proof of payment, and proof of four months of rent payments.

12   The letter misrepresented that Plaintiff Williams must comply with this demand

13   to qualify for the rights and protections of the PTAF. The letter also presented

14   Plaintiff Williams with an agreed judgment. The agreed judgment provided for

15   possession of the property, the rent, late fees, court costs and attorney

16   fees for non-compliance. By the express terms of the letter, Defendant "THG"

17   intended to mislead Plaintiff Williams of his "legal rights under federal law."

18   Plaintiffs attached a true and correct copy of the letter as "Exhibit B".

19       14. On August 16, 2012 Plaintiff through US regular and electronic mail sent

20   Notice to defendants "THG" a true copy attached hereto as "Exhibit C". Plaintiff

21   Williams sent Defendant

22       15. On August 16, 2012 Plaintiff Williams through US regular and electronic

23   mail sent Notice to defendants "THG" a true copy attached hereto as "Exhibit C".

24   Plaintiff Williams sent Defendant "THG" a letter that demanded that Defendant

25   "THG" honor his lease and change its letters, practices and policies to comply

26   with the PTAF. Plaintiff informed the defendants of his state, and federally

1   protected rights under the "PTFA" and Arizona Tenant Landlord Act. Plaintiff
2   also attached a copy of his bona fide signed lease filed with the Maricopa County
3   Recorder's Office.

4       16. Plaintiff also informed the defendant that he would indeed pay all rents due
5   in accordance with his lease agreement and to commence on September 1, 2012.

6       17. On or about September 6, 2012 Plaintiff was leaving his property to
7   conduct some personal business when he was approached by a stranger who called
8   his name. Plaintiff Williams turned to address the stranger to learn that he was a
9   process server. Plaintiff Williams was then served with eviction papers from
10  defendant "THG". The true and correct copy of the Summons and Complaint is
11  attached hereto as "Exhibit D".

12      18. The defendants Complaint filed on August 27, 2012, among other matters
13  state that proper notice was given to the Plaintiff Williams regarding the eviction,
14  which is materially false. The Complaint further incorrectly claims that rent is due
15  in the amount of $684.00, plus taxable costs of $133.00 and $220.00 in attorney
16  fees. Plaintiff Williams rental agreement stated the amount of rent at $650.00.
17  Plaintiff Williams is confused as to what the defendant claim of rent owed could
18  be, as no rent was due, and the Complaint in itself was vague and ambiguous.
19  Defendants Complaint for Eviction also did states a false amount due of $684.00,
20  which is an amount not consistent with any lease contract. The defendant "THG"
21  further fails to state the specific month defendant is alleged to be in default of, as
22  Plaintiff rent was not yet due until September 1, 2012.

23      19. Plaintiff Williams states that defendants "THG" claim is frivolous and
24  without merit, as on this date no rents were due the defendant, and this was a
25  blatant attempt to harass and retaliate against Plaintiff Williams unjustly. Plaintiff
26  Williams rent payment was not due until September 1, 2012 pursuant to the lease

1 agreement. Plaintiff Williams sent defendant "THG" his rent payment of $650.00
2 on or about September 7, 2012.

3   20.  On or about September 8, 2012 Plaintiff Williams received a certified letter
4 from defendant "THG" and "TREE" a true and correct copy attached hereto as
5 Exhibit E. This letter highlights defendant's most egregious acts, and clearly puts
6 on display defendants criminal behavior. In the notice styled "Notice of Non-
7 Acceptance of Tendered Partial Payment". The Notice states among other false
8 and misleading information, that Plaintiff rental payment of $650.00 was not
9 accepted. Further it informs Plaintiff that he must personally appear at an
10 unknown location to recover his payment. Defendant's base their reasoning for not
11 returning his "unaccepted payment" enclosed within the "certified" letter, was that
12 it was for his protection.

13   21.  Plaintiff finds this to be highly suspicious that defendants admit receiving
14 his rent payment as required, requests that he physically retrieves the payment
15 from their office, although they sent the notice certified mail which could have
16 included the payment. Plaintiff further highlights in this notice (para¶2) stated as
17 follows:

18   " Per A.R.S. §-1368(B), this writing shall serve as legal notice of your
19 landlords intention to terminate your rental agreement and file a special detainer
20 action to recover immediate possession of your dwelling unit, should you fail to
21 pay all monies due within five (5) days from legal receipt of this notice." The letter
22 further (para¶2, 3) states:

23   "This is an attempt to collect a debt by a debt collector. Any information
24 obtained will be used for the purpose. Unless you dispute the validity of the debt,
25 or any portion thereof in writing, within 30 days of receipt of this letter, it will be
26 assumed to be valid. If the dispute is received in writing, debt verification, or a

1  _copy of judgment, will be obtained and mailed to you. If requested in writing_
2  _within 30 days of receipt of this letter, original creditors name and address will be_
3  _provided._
4      _"The law does not require us to wait until the end of the 30 day period_
5  _before filing a special detainer action seeking possession and collection of_
6  _damages. If, however, you request proof of the debt in writing, within the 30 day_
7  _period that begins with receipt of the notice, the law requires us to suspend_
8  _collection efforts (through litigation or otherwise) until we mail the requested_
9  _information to you."_....(end quotes)
10  22.  Plaintiff Williams responded to defendants with a Notice of Dispute, and
11  Request for validation and verification of debt, a true and correct copy hereto
12  attached as Exhibit F. Plaintiff nonetheless finds this notice false and misleading
13  as of the date of this letter, defendants had already initiated legal action (Forcible
14  Detainer) on August 28, 2012 see, Exhibit D. Notwithstanding, the letter informs
15  Plaintiff of their intent to do what defendants had already unlawfully acted upon.
16  Whereby this notice by defendants adds to Plaintiffs confusion, yet highly displays
17  defendant's ignorance of the law, and its own acts.
18  23.  Plaintiff also points out the fact that this notice reflects the defendant's
19  willful and concerted effort to conceal its identity, as the notice bears no name,
20  telephone number, address or other information. Plaintiff is certain this is
21  intentional and indeed intended to circumvent Plaintiff's right to respond, act, or
22  have redress against the defendants.
23  24. Plaintiff Williams filed a Notice of Removal from the Maricopa County
24  Justice Court, to this District Court with intentions of filing a counter claim for
25  violation of the PTFA. However after further research he discovered that the
26

1    District might still lack jurisdiction, he therefore filed the above Complaint for

2    damages.

3        25. Defendants' misleading  and  deceptive representations  and  practices

4    made Plaintiff Williams and his family fear that they would be evicted from

5    their home before Defendants were entitled to possession under the PTAF.

6    Defendants' misleading and deceptive representations and practices also made

7    Plaintiff Williams and his family fear that Defendants would refuse to comply

8    with the terms of the lease. Ultimately Defendants did file for eviction on August

9    28th against Plaintiff Williams and his family, before Defendants were entitled to

10   possession under the PTAF.

11       26. Since   on   or   about   August   2012,   Defendants'   misleading

12   representations  and practices have disrupted Plaintiff Williams's life, affecting his

13   sleep and interactions with his family. Plaintiff Williams did not have the time or

14   money to move his family within three days when he received the three days'

15   notice to vacate from Defendants on or about August 28, 2012. Likewise, Plaintiff

16   Williams did not have the money to move his family within ninety days (90) of

17   that date. Plaintiff Williams feared that Defendant would throw out his family,

18   causing him unexpected and burdensome expenses and potentially leaving him

19   and his family homeless. Because of Defendants' actions Plaintiff Williams ceased

20   sleeping regularly, became anxious and irritable and frequently lost his temper

21   with his family. Plaintiff Williams began taking medication to cope with the

22   disruption in his life after receiving the misrepresentations from Defendants at the

23   end of August. Plaintiff Williams had difficulty sleeping fearing the defendants

24   would trespass on the property.

25       27. Defendants engaged in false, misleading, or deceptive acts and practices

26   and an unconscionable course of action actionable under the federal law. While

1   aware of the mandates of federal law, Defendants knowingly and intentionally
2   instruct its agents to mislead, misrepresent and place barriers where none exist
3   to prevent bona fide tenants like Plaintiff Williams from exercising their rights
4   under the Protecting Tenants at Foreclosure Act of 2009.

5       28.   Defendants misrepresented to Plaintiff Williams that it was advising
6   Plaintiff Williams of his rights under the PTAF. Defendants misrepresented to
7   Plaintiff Williams that under the PTAF a bona fide tenant was only entitled to
8   ninety days' notice to vacate. Defendants gave Plaintiff Williams ninety days'
9   notice to vacate, even though Plaintiff Williams was entitled to remain at his
10  home through the end of his lease term. Defendants failed to inform Plaintiff
11  Williams that under the PTAF Plaintiff Williams may be entitled to remain in
12  his home under the terms of a lease that existed prior to the foreclosure sale.

13      29.  Defendants misrepresented to Plaintiff Williams that to qualify for the
14  rights and protections of the PTAF Plaintiff Williams must provide Defendants
15  with specific documentation regarding his tenancy within three days of receipt of
16  Defendants' demands for that documentation. Defendants failed to inform
17  Plaintiff Williams of the adverse consequences for Plaintiff Williams if he
18  submitted an agreed judgment to Defendants that allowed Defendants to
19  obtain an eviction judgment against Plaintiff Williams. Defendants misrepresented
20  to Plaintiff Williams that Defendants' representatives were entitled to enter the
21  grounds of the home, contrary to the lease. Defendants' counsel omitted to inform
22  Plaintiff Williams that Defendants' interests were adverse to Plaintiff Williams
23  and that Plaintiff Williams should consult his own attorney. Defendants made
24  these misrepresentations and omissions to Plaintiff Williams to induce Plaintiff
25  Williams to abandon his rights under the PTAF and vacate his home before the
26  end of the lease term, accept lease terms that differed from those in the lease and

1    give Defendants an agreed judgment that Defendants may use to evict Plaintiff

2    Williams.

3        30. Defendant "THG" misrepresented to Plaintiff Williams that under the

4    PTAF a bona fide tenant was not entitled to 90 days' notice to vacate. Defendant

5    "THG" misrepresented that it may sue Plaintiff Williams for possession and

6    damages if he did not vacate by August 19, 2012.

7        31. Defendant "THG" filed an eviction suit to obtain possession of the

8    home before Defendants were entitled to possession under the PTAF. In its

9    petition, Defendant "THG"  misrepresented that it was entitled to possession of

10   the home under a deed of trust, despite Plaintiff Williams rights under the PTAF.

11       32. Defendants refuse to comply with the PTAF, honor Plaintiff Williams

12   lease and change its letters, practices and policies to comply with the PTAF.

13       33. By repeatedly and systematically misrepresenting Plaintiff Williams rights

14   and obligation under the PTAF, Defendants misrepresented the characteristics of

15   Plaintiff Williams lease in violation of the PTFA Plaintiff Williams relied on

16   these misrepresentations.

17       34. Defendants' misleading representations and practices have disrupted

18   Plaintiff Williams's life, affecting his sleep and interactions with his family.

19   Because of Defendants' actions Plaintiff Williams ceased sleeping regularly,

20   became anxious and irritable and frequently lost his temper with his family.

21   Plaintiff Williams has sought medical treatment for his condition following

22   Defendants' conduct.

23       35. Defendants actions were willful and with intent to cause harm to the

24   Plaintiff and his family both financially and emotionally. Plaintiff has incurred

25   expenses relating to defendants actions up to but limited to costs of litigation.

26

PLAINTIFF EUGENE WILLIAMS COMPLAINT FOR DAMAGES

36.  Plaintiff Williams requests that this Court grant him treble economic and mental anguish damages, as well as costs, interest and fees. Plaintiffs also requests that this Court grant Plaintiffs' declaratory relief and issue an injunction to prevent future violations.

## VIOLATION OF PROTECTION TENANTS AT FORECLOSURE ACT
### (12 U.S.C.§5220"PTFA)

Plaintiff incorporates by reference each of the allegations set forth above.

37.  Defendants "THG" and "TREE" engaged in unlawful practices in violation of the Protecting Tenants at Foreclosure Act, 12 U.S.C.§5220 et seq., by using deception, deceptive practices, and misrepresentations in connection with its attempts to unlawfully force defendants out of his property.

38.  Defendants by repeatedly and systematically misrepresenting Plaintiff Williams rights and obligation under the PTAF, Defendants misrepresented the characteristics of Plaintiff Williams lease in violation of the PTFA Plaintiff Williams relied on these misrepresentations.

39.  Defendants' misleading representations and practices have disrupted Plaintiff Williams's life, affecting his sleep and interactions with his family. Because of Defendants' actions Plaintiff Williams ceased sleeping regularly, became anxious and irritable and frequently lost his temper with his family. Plaintiff Williams has sought medical treatment for his condition following Defendants' conduct.

40.  Defendants refuse to comply with the PTAF, honor Plaintiff Williams lease and change its letters, practices and policies to comply with the PTAF.

41.  Defendant "THG" filed an eviction suit to obtain possession of the home before Defendants were entitled to possession under the PTAF. In its petition, Defendant "THG" misrepresented that it was entitled to possession of the home under a deed of trust, despite Plaintiff Williams rights under the PTAF.

42.   Defendant "THG" misrepresented to Plaintiff Williams that under the PTAF a bona fide tenant was not entitled to 90 days' notice to vacate. Defendant "THG" misrepresented that it may sue Plaintiff Williams for possession and damages if he did not vacate by August 19, 2012.

43.   Defendants actions were willful and with intent to cause harm to the Plaintiff and his family both financially and emotionally. Plaintiff has incurred expenses relating to defendants actions up to but limited to costs of litigation.

44.   Plaintiff Williams requests that this Court grant him treble economic and mental anguish damages, as well as costs, interest and fees. Plaintiffs also requests that this Court grant Plaintiffs' declaratory relief and issue an injunction to prevent future violation

## VIOLATION OF ARIZONA CONSUMER FRAUD ACT
### (A.R.S.§ 44-1521 et. seq.)

Plaintiff incorporates by reference each of the allegations set forth above.

45.   Defendants "THG" and "TREE" engaged in unlawful practices in violation of the Consumer Fraud Act, A.R.S. § 44-1521, et seq., by using deception, deceptive practices, and misrepresentations in connection with its attempts to unlawfully force defendants out of his property.

46.   The deception, deceptive practices, and misrepresentations include, but are not limited to the following:

1.   Falsely claiming Plaintiff was subject to vacate the premises within 5 days.

2.   Falsely claiming in its Forcible Detainer Complaint that Plaintiff was in violation of his rental agreement.

3.   Falsely claiming that Plaintiff owed rent in the amount of $684.00.

4.   Falsely using fraudulent corporation names as to conceal the identity of their true identities.

5.  Using false information and on legal documents meant to commit fraud upon the court and Plaintiff. In that defendants used fictitious names of parties who were not the real party of interest as required by the rules of court.

47.  Defendants engaged in unlawful practices in violation of the Consumer Fraud Act, A.R.S. § 44-1521, et seq., by using concealment, suppression or omission of material facts with intent that Plaintiff rely upon such concealment, suppression or omission, in connection with Plaintiff legal right to tenancy under the PTFA and Arizona Landlord Tenant Act.

48.  The concealment, suppression and omission of material facts include, but are not limited to the following:

49.  Plaintiff relied on the misrepresentations, omissions and deceptive acts of Defendant when defendant's employee Dawn Rambo (also a false name) convinced Plaintiff that he would have to sign a new lease agreeing to a rental amount. This amount of $1095.00 was almost double the current rent amount pursuant to his lease.

50.  In all matters alleged herein, Defendants acted willfully, fraudulently and in reckless disregard for the rights of Plaintiff.

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (15 USC 1692 et, seq.)

Plaintiff incorporates by reference each of the allegations set forth above.

51.  Defendants by sending the notices and letters to Plaintiff, was acting as a debt collector as that term is defined under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692(a), and acknowledged that it was acting as a Debt Collector in correspondence to Plaintiff. *See* Exhibit E, September 7th Debt Collection Letter. Defendant is a business or person who uses interstate commerce or the mails and

1   wires in business, the principal purpose of which is the collection of debt, and

2   regularly collects, directly or indirectly, debts owed or due or asserted to be owed

3   or due to another.

4      52.  Defendants engaged in wrongful collection methods in violation of the Fair

5   Debt Collection Practices Act, 15 U.S.C., Title 41, Subchapter V, § 1692 et seq.

6   The wrongful collection practices include, but are not limited to the following:

7         a. Defendants threatened Plaintiff with eviction in all its notices specifically

8   its September 7, 2012 letter, even though it knew or should have known that

9   Plaintiff's was not subject to eviction, and further Plaintiff owed no rents due

10  defendants.

11        b. Defendants threatened action that was intended to cause emotional

12  damages, duress, stress, and ultimately force Plaintiff to abandon is the rental

13  property.

14        c. Defendants threatened Plaintiff and ultimately initiated legal action

15  against Plaintiff, that they knew were false and without merit. Defendants did this

16  to effect dispossession or disablement of property when there was no present right

17  to possession of the Plaintiff's residency as his was in compliance with his rental

18  agreement.

19     53.  As a direct and proximate cause of Defendants misrepresentations and

20  threats, Plaintiff suffered financial damages including but not limited to the

21  emotional distress, public humiliation, embarrassment, harassment and

22  discrimination. Plaintiff was subject to a civil procedure (Forcible Detainer

23  currently pending) whereby Plaintiff was served with legal eviction which

24  contained willfully false information. Plaintiff suffered damages as result, and

25  incurred costs and fees to seek redress in this court.

26

54. Defendants conduct was egregious, oppressive, and undertaken with complete disregard for Plaintiff's legal and property rights, entitling Plaintiff to actual, statutory, and punitive damages according to proof at trial.

## CLAIM FOR ABUSE OF PROCESS
### (TORT CLAIM)
Plaintiff incorporates by reference each of the allegations set forth above.

55. Plaintiff claims defendants are liable for abuse of process. Plaintiff alleges the elements of an abuse of process claim under Arizona law are: "'(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings.'"

56. Plaintiff claims Defendants willfully used or threatened to use legal process or procedure primarily to accomplish an ulterior purpose for which the process or procedure was not designed. The defendants filed legal action against the Plaintiff in the Maricopa County Justice Court for a Forcible Detainer. The action filed contained materially false information intended intimidate, harass, defame, retaliate, to cause and inflict emotional distress upon the Plaintiff. *Morn v. City of Phoenix*, 152 Ariz. 164, 730 P.2d 873 (1986); *Younger v. Solomon*, 38 Cal. App. 289, 113 Cal. Rptr. 113 (1974). *Rondelli v. County of Pima*, 120 Ariz. 483, 586 P.2d 1295 (Ct. App. 1978). *Nienstadt v. Wetzel*, 133 Ariz. 348, 651 P.2d 876 (Ct. App. 1982).

57. Plaintiff claims Defendant's misuse of the legal process or procedure was a cause of injury, damage, loss and harm to the Plaintiff. Plaintiff's constitution right to privacy, and the right to be secured in his home, was breached by Defendants action. Defendant's legal actions had no merit, and were based on false information defendants knew were not true and correct. Defendant's actions were an attempt to force Plaintiff and his family from his home, by using the judicial system, as well as fictitious corporate names to conceal defendants' identity.

## CLAIM FOR MALICIOUS PROSECUTION
### (TORT LIABILITY)

Plaintiff incorporates by reference each of the allegations set forth above.

58.  Plaintiff claims Defendants are liable for Malicious Prosecution in that the defendants initiated or took part in the prosecution of legal proceedings against the Plaintiff. The action proceeded in the Maricopa County Justice Court and terminated in the defendants favor.

59.  Defendants acted without probable cause, acted with malice, defendants malicious conduct was a cause of injury, damage, loss or harm to the Plaintiff

## CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (TORT LIABILITY)

Plaintiff incorporates by reference each of the allegations set forth above.

60.  Plaintiff claims defendants are liable for Intentional Infliction of Emotional Distress, intentionally or recklessly caused him emotional distress. Plaintiff claims defendants conduct was extreme and outrageous; and conduct was either intentional or reckless; and conduct caused Plaintiff to suffer severe emotional distress. Plaintiff claims defendants conduct is "intentional" if a person's objective is to cause emotional distress. Conduct is "reckless" if a person is aware of and disregards the near certainty that it would result in emotional distress.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the   following relief:

1. A declaratory judgment that Defendants practices, policies and conduct misrepresent, and further violate the rights of the bona fide Plaintiff tenants under the PTAF;

2. Damages of $5000.00 for violation of PTFA.

3.   A permanent injunction that prohibits Defendants from misrepresenting to Plaintiff residing in the property that Defendants have obtained through foreclosure sales that the PTFA does not require Defendants to comply with the leases of bona fide tenants in effect at the time of the foreclosure sale, that a bona fide tenant must always vacate after receiving ninety days' notice to vacate or that a bona fide tenant is not entitled to ninety days' notice to vacate;

4.   A permanent injunction that prohibits Defendants from misrepresenting by omission to persons residing in homes that Defendants have obtained through foreclosure sales that bona fide tenants may not be entitled to remain in the home through the original lease, to ninety days' notice to vacate and to the rights and protections afforded by the PTFA;

5. Statutory damages in an amount to be determined at trial.

6.   Costs of suit and reasonable and fees incurred herein pursuant each and every violation of A.R.S. § 12-341.01, and 15 U.S.C. § 1692(k);

7. Statutory damages in an amount to be determined at trial.

8. Punitive damages in an amount to be determined at trial.

9. A permanent injunction to prohibit, prevent and deter future violations;

10. Award Plaintiff damages–actual, statutory and punitive, against Defendants, including;

11. Award Plaintiffs pre-judgment and post-judgment interest at the maximum legal rate;

12. Award Plaintiffs costs of court and costs of litigation;

13. Award Plaintiffs their reasonable fees; and,

14. Grant such other and further relief, general and special, legal and equitable, to which Plaintiff may be entitled.

1  Dated: September 17, 2012.

2

3  ### DEMAND FOR JURY TRIAL REQUESTED

4  Plaintiff Williams makes its demand for a trial by jury of twelve.

5  ### VERIFICATION

6  I, Eugene Williams hereby affirm that I have personal knowledge of the

7  facts set forth herein the Complaint, and that the information is true and correct to

8  the best of my knowledge. I am willing to testify as to the allegation made against

9  the defendants and each of them.

10

11

12  Eugene Williams, *Plaintiff*

13  1209 W. Shumway Farm Road

   Phoenix, AZ 85041

14

15

16

17

18

19

20

21

22

23

24

25

26