EUGENE WILLIAMS, *Plaintiff*
155 E. Ingram Street
Mesa, AZ 85201

## IN THE UNITED STATES DISTRICT COURT
## STATE OF ARIZONA

| | |
|---|---|
| EUGENE WILLIAMS, a single man | **CASE NO.: 2:12-CV-1970-PHX-SRB** |
| *Plaintiff,* | VERIFIED COMPLAINT FOR DAMAGES: |
| *vs.* | ARIZONA CONSUMER FRAUD; VIOLATION OF FAIR DEBT |
| **THR PHOENIX LLC**, a Arizona corporation; | COLLECTION PRACTICES ACT; |
| **THG REALTY LLC**, d/b/a **TREEHOUSE GROUP REALTY**, a Arizona limited corporation; | ABUSE OF PROCESS; MALICIOUS PROSECUTION; INTENTIONAL |
| **J. MARK HELDENBRAND**, an individual | INFLICTION OF EMOTIONAL DISTRESS |
| *Defendant*(s) | **TRIAL BY JURY OF DEMANDED** |

## COMPLAINT

1.   Plaintiff files his Amended Complaint pursuant to Fed.R.Civ.P. §15 a(1)(b). Plaintiff Complains of the defendants actions pursuant to the Fair Debt Collections Practices Act 15 U.S.C.,§1692 *et*, seq. ("FDCPA"), Arizona Consumer Deceptive Trade Practices Act, §44-1521, *et*. seq, Tort Claims for Abuse of Process, Malicious Prosecution, and Intentional Infliction of Emotional Distress, all of which prohibits debt collectors and defendants from engaging in abusive, deceptive and unfair practices, and violations of Plaintiff's protected Constitutional and Due process rights.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises out of 15 U.S.C.§1692, 28 U.S.C.,§1337, and supplemental jurisdiction exist for state law claims pursuant to 28 U.S.C. §1367.

3. Declaratory relief is available pursuant to 28 U.S.C. §2201. Venue is proper as the Plaintiff domiciles in the State of Arizona, and the defendants are incorporated in the state of Arizona respectively.

## PARTIES

4. Plaintiff "**Eugene Williams**" (hereinafter "Plaintiff") domiciles in the State of Arizona, County of Maricopa.

5. Defendant "**THR Phoenix LLC**", a/k/a THR LLC, (hereinafter "THR") was a fictitious business entity not registered with the Arizona Corporation Commission or Arizona Secretary of State. The acts complained of in this matter, at all times relevant, was done while defendant "THR" was unlicensed, and therefore of unknown corporate structure and organization. Subsequently, after Plaintiff filed his initial Complaint on September 17, 2012, defendant THR on October 9, 2012 did incorporate in the State of Arizona.  Defendant THR at the time of the events held an office at 2075 S. Cottonwood Drive, Tempe Arizona 85282. THR since its recent incorporation in the State, has an physical address of 1209 Orange Street, Wilmington, DE 19801, and a registered Agent of Corporation Service Company at 2338 W. Royal Palm Rd. Suite J, Phoenix AZ, 85021.

6. Defendant "**THG REALTY LLC**" d/b/under the trade name "**TREEHOUSE GROUP REALTY**", (hereinafter "THG") is a foreign

California limited liability corporation who operates under the trade name of Treehouse Realty Group LLC, does[1] business within the state of Arizona, and has place of business at 2075 S. Cottonwood Drive, Tempe Arizona 85282. The registered agent for the defendant is Dallas B. Tanner with an address of 3665 E. Sierra Madre, Gilbert AZ 85296.

7. Defendants and each of them are and were engaged in the collections of debts using mail and litigation in Arizona courts. Defendants regularly collect, or attempt to collect consumer debts, alleged to be due another.

8. Defendants and each of them are "debt collectors" as that term is defined in 15 U.S.C. §1692 (a)(6), and A.R.S. §44-1521.

9. Plaintiff is a "consumer" as that term is defined in 15 U.S.C.,§1692 (a)(3) and A.R.S.§44-1521, et, seq.

10. At all times relevant and material hereto, all defendants and each of them agreed, between and amongst themselves and in combination with

---

[1] Plaintiff highlights the fact that defendant THR Phoenix LLC was served both with the original and Amended Complaints (see, dockets 1,4,5). At the time of service defendant THR was an unlicensed, unincorporated corporation doing business by and through defendant "THG and Treehouse" at the address of 2075 S. Cottonwood Drive, Tempe Arizona 85282. Therefore Plaintiff in fact did perfect service of process upon defendant THR in his original and amended Complaints. Pursuant to Fed.R.Civ.P, 4 states;

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other **unincorporated association that is subject to suit under a common name, must be served**:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant. Therefore Plaintiff asserts that Entry of Default and Default Judgment should have been entered consistent with Plaintiff's docket ¶16 entry.

each other, and various agents, known and unknown. As to each overt act in furtherance of the conspiracy and enterprise, to engage in unlawful actions for a common purpose to wit defendants perpetrated fraud and obtained an unlawful judgment (illegal Forcible Detainer) against the Plaintiff and his family.

## **FACTUAL ALLEGATIONS**

11.  The Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), requires the purchaser of residential property at a foreclosure sale to honor bona fide leases existing prior to the sale. Pub., L. No. 111-22, §702 (May 20, 2009), *codified at* 12 U.S.C. §5220 note. The PTFA also requires the purchaser of residential property at a foreclosure sale to give bona fide tenants ninety day notice to vacate. *Id*. at § 702(a)(1).

### VIOLATION OF PROTECTION TENANTS AT FORECLOSURE ACT (12 U.S.C.§5220"PTFA)

12. Plaintiff Williams and his family had been living in the home located at 1209 W. Shumway Farm Road, Phoenix, AZ 85041 ("the home") since the fall 2011. Plaintiff Williams lived there with his wife and, his children. Plaintiff Williams rented this home from the previous owner Candido Lopez for $650.00 a month, the lease is filed in the Maricopa County Recorder Office under document number, 20010857122. The original term of this written lease ends on September 1, 2013. Plaintiffs attach a true and correct copy of the lease as "Exhibit A". This lease does not grant the landlord a right to inspect or enter the property without tenant's permission. Plaintiff is aware there may be no private right of action with respects to the PTAF Act.

1    13.  On information and belief, Defendant "THR" upon belief may

2    Have purchased the property at a foreclosure sale on or about August

3    2012.[2]

4    14.  On or about August 6, 2012 Plaintiff received a phone call from

5    the defendant "THG" agent by the name of Dawn Rambo (fictitious name)

6    and was requested by her to come to their office. Plaintiff arrived at

7    defendant "THG" office 2075 S. Cottonwood Drive, Tempe AZ. The

8    conversation consisted of Dawn Rambo threatening eviction, if Plaintiff

9    Williams did not sign a new lease with defendant "THG". She further

10   insisted that Plaintiff Williams had to agree to new rent increase from the

11   current lease amount of $650.00 to $1095.00. Dawn Rambo stated that

12   Plaintiffs rent was too low, and specified the fact Plaintiff property had a

13   small pool, which also justified the increase. Plaintiff Williams feeling

14   threatened informed Dawn Rambo that he would consider the proposal

15   and get back with her. Plaintiff Williams informed her that he would

16   continue to make his monthly rental payments to defendant "THG" on

17   September 1, 2012. Dawn Rambo did not object to this.

18   15.  Plaintiff Williams after consulting with counsel was informed that

19   Plaintiff was not obligated to enter in to a new lease with defendants, and

20   that his tenancy was protected under the PTFA, and collectively under the

21   Arizona Landlord Tenant Act.

22   16.  On or about August 17, 2012, Plaintiff Williams received a Notice

23   from defendant "THG" d/b/a defendant "Treehouse", on behalf of

---

[2] At all times relevant defendant "THR and THG" shared a common office at 2075 S. Cottonwood Drive, Tempe AZ.

1   defendant "THR".  The letter was titled "Notice from the New Owners of

2   This Property". This letter gave constructive Notice to Plaintiff Williams of

3   a five (5) day notice to vacate the property. The letter demanded that

4   Plaintiff Williams provide a written lease or proof of payment, and proof

5   of four months of rent payments. The letter misrepresented that Plaintiff

6   Williams must comply with this demand to qualify for the rights and

7   protections of the PTAF. The letter also presented Plaintiff Williams with

8   an agreed judgment. The agreed judgment provided for possession of

9   the property, the rent, late fees, court costs and attorney fees for

10  non-compliance. By the express terms of the letter, Defendant "THG" on

11  behalf of defendant "THR" intended to mislead Plaintiff Williams of his

12  "legal rights under federal law regarding his lawful tenancy." Plaintiff

13  attached a true and correct copy of the letter as "Exhibit B".

14      17.   On August 19, 2012 Plaintiff through US regular and electronic

15  mail sent Notice to defendants "THG" a true copy attached hereto as

16  "Exhibit C". Plaintiff notified defendant "Treehouse" on behalf of

17  defendant THR of his tenancy rights pursuant to the "PTAF" Act. This

18  constructive notice clearly stated Plaintiff rights, and informed defendants

19  of their unlawful acts. It further demanded of the defendants "THR and

20  THG" to honor his lease and change its letters, practices and policies to

21  comply with the PTAF, and the Arizona Landlord Tenant Act. Plaintiff also

22  attached a copy of his bona fide signed lease filed with the Maricopa

23  County Recorder's Office.

24      18.  Plaintiff in essence provided defendants with clear notice that they

25  were not in compliance with federal and state law. Plaintiff also informed

the defendant that he would indeed pay all rents due in accordance with his lease agreement and to commence on September 1, 2012.

19. On or about September 6, 2012, Defendants "THR and Heldenbrand" caused to be delivered upon Plaintiff a Summons for Special Detainer and Complaint Special Detainer, a true and correct copy of the Summons and Complaint is attached hereto as "Exhibit D". The Summons and Complaint named defendant "THR Phoenix LLC" as the Plaintiff. At the time defendant THR was not a licensed and or incorporated to do business in the State of Arizona. Therefore defendant "THR" and Heldenbrand" lacked standing to file a Forcible Detainer in the Maricopa County Justice Court.

20. The defendants Complaint filed on August 27, 2012, among other matters state that proper notice was given to the Plaintiff regarding the eviction, which is wholly and materially false. The Complaint further incorrectly claims that rent is due in the amount of $684.00, plus taxable costs of $133.00 and $220.00 in attorney fees. Plaintiff rental agreement stated the amount of rent at $650.00. Plaintiff Williams is confused as to defendants' claim of delinquent rent owed, as no rent was due, and the Complaint in itself was void of an explanation. Defendants Forcible Detainer Complaint also stated a false amount due of $684.00, which is an amount not consistent with any lease contractual agreement. Plaintiff's rent was not yet due until September 1, 2012.

21. Plaintiff Williams sent defendants "THG" and "THR" his rent payment of $650.00 on or about September 7, 2012.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

22.   On or about September 8, 2012 Plaintiff Williams received a certified letter from defendant "THR" and "Treehouse" a true and correct copy attached hereto as "Exhibit E". In the notice styled "Notice of Non-Acceptance of Tendered Partial Payment", the Notice states among other false and misleading information that Plaintiff rental payment of $650.00 was "not" accepted. Further, it informs Plaintiff that he must personally appear at an unknown location to recover his payment. Defendant's alleged their reasoning for not returning his "unaccepted payment" within the "certified" letter"was that it was for his protection". Defendants' reasoning is unintelligible, as there is no common sense, much less legal reason for the defendants to not have returned Plaintiffs payment, without a personal visit. Plaintiff asserts defendants "THR, and THG" demanded Plaintiff's personal appearance to further intimidate and harass him.

23.   The defendants Notice also contained the following information, (para¶2) stated as follows:

" Per A.R.S. §-1368(B), this writing shall serve as legal notice of your landlords intention to terminate your rental agreement and file a special detainer action to recover immediate possession of your dwelling unit, should you fail to pay all monies due within five (5) days from legal receipt of this notice." The letter further (para¶2, 3) states:

"This is an attempt to collect a debt by a debt collector. Any information obtained will be used for the purpose. Unless you dispute the validity of the debt, or any portion thereof in writing, within 30 days of receipt of this letter, it will be assumed to be valid. If the dispute is received in writing, debt verification, or a copy of judgment, will be obtained and mailed to you. If requested in writing within 30 days of receipt of this letter, original creditors name and address will be provided."

"The law does not require us to wait until the end of the 30 day period before filing a special detainer action seeking possession and collection of damages. If, however, you request proof of the debt in writing, within the 30 day period that begins with receipt of the notice, the law requires us to suspend collection efforts (through litigation or otherwise) until we mail the requested information to you."(end quotes)3

24.   Plaintiff Williams responded to defendants dunning notice, with a Notice of Dispute, and Request for validation and verification of debt, pursuant to 15 U.S.C.,§1692, a true and correct copy hereto attached as Exhibit F. Plaintiff nonetheless finds the Defendants notice false and misleading, as of the date of this letter, defendants had already initiated the Forcible Detainer action on August 28, 2012 see, Exhibit D. Notwithstanding, the letter informs Plaintiff of their intent to do what defendants had already unlawfully initiated by filing the Forcible Detainer. Therefore Defendants notice adds to Plaintiffs confusion, emotional stress, and imminent threat of him and his family being illegally forced out of his property.

25.   Plaintiff also points out Defendants notice reflects their willful and deceptive effort to conceal their identity, as the notice bears no name, telephone number, address or other identifying information. Plaintiff is certain this was intentional, and a direct attempt to confuse Plaintiff's ability and right to respond, act, or have redress against the defendants.

---

3 At the time the Plaintiff received this threatening eviction Notice, there was no rents due at all. Therefore this notice may be construed as intimidation, harassment, extortion, terroristic threats, conspiracy, and serious violations of Plaintiff's Constitutional rights via 42 USC 1983

1

2

## FORCIBLE DETAINER CASE

3   26.  Plaintiff on September 10, 2012, filed a Notice of Removal from the

4   Maricopa County Justice Court where the defendants filed their Forcible

5   Detainer, to this US District Court, Case No: 2:12-CV-01907-SRB, with

6   intentions of filing a counter claim for violation of the PTFA, and other

7   consumer debt collection federal violations. Defendant "Heldenbrand for

8   the unlawful and illegal purpose of the other defendants, and as a licensed

9   attorney prosecuted the Forcible Detainer action for defendants "THR" and

10   THG".  In fact Plaintiff informs this court and the Honorable Judge Susan

11   Bolton, that it was your honor who presided over the Plaintiff's Removal

12   Case No: 2:12-CV-01907-SRB. Therefore your Honor is quite familiar with

13   the Plaintiffs and defendants Maricopa County Justice Court Forcible

14   Detainer case, as your honor presided over the matter. Therefore deceptive,

15   illegal tactics, defendants specifically Heldenbrand performed appear to be

16   in contradiction to the District Courts jurisdiction and your honor's

17   adjudication and Order issued.

18   27.  Clearly, defendant Heldenbrand, and the other defendants, violated

19   and or took the law upon and unto themselves, prior to your Honor

20   rendering the verdict. Unless the US District Court, and your Honor gave

21   defendant Heldenbrand, and other defendants leave to conduct a Forcible

22   Detainer trial, prior to the courts September 26, 2012 Order, then your

23   Honor and this court should have serious concern with the acts of

24   defendant Heldenbrand, the remaining defendants, and that of the

25   Maricopa Justice Court and Judge Cody Williams actions. Hence, the acts

of defendant Heldenbrand and the remaining defendants', all occurred during the time your honor was presiding. Therefore your Honor could shed light of this matter, regarding Defendants, specifically defendant Heldenbrand's actions. In that defendant(s) may have illegally obtained a wrongful Judgment when in fact the lower Justice Court, by and through Judge Cody Williams acted without jurisdiction, standing and capacity when the case was being adjudicated in the Honorable Judge Bolton court. It further highlights the fact that, defendants "THR" may have had standing to utilize the courts of Arizona since they were not licensed, therefore unauthorized to do business.

28.   Plaintiffs Removal of the Forcible Detainer case to the US District Court, in essence removed jurisdiction from the Maricopa County Justice Court, and thus vested the US District Court with jurisdiction. The US District Court on September 12, 2012 issued an Order to Show Cause why the Plaintiff's removal case should be remanded to the Maricopa County Court. The court gave the Plaintiff 10 days to answer the US District Court Order to Show Cause.  On September 26, 2012 the US District Court by and through Brian D. Karth, the Clerk of Court issued an Order remanding the case back to the Maricopa County Justice Court. A true and correct copy of the district courts Order is attached hereto as "Exhibit G".

29.   The US District Courts remand Order, essentially conferred jurisdiction back to the Maricopa County Justice Court, and the Judge Cody Williams on this September 26, 2012. Therefore the Justice Court was without jurisdiction to act on the Forcible Detainer case until September 26, 2012. However once the Plaintiff referred back to the Justice Court to

file his answer to the Forcible Detainer Action, the Justice Court denied his filing. The Justice Court informed the Plaintiff that an Order was issued on September 10, 2012 against the Plaintiff and in favor of the defendants "THR" by and through defendant "Heldenbrand" who obtained the wrongful judgment. Notwithstanding, the Justice Court, and Judge Cody Williams lacked jurisdiction to hold a trial while the case was before the US District Court, specifically your Honor Susan Bolton.

30. Plaintiff attempted to file a Motion to Vacate and an Appeal, however the Justice Court denied Plaintiff on the basis that the Appeal would not be timely as the Judgment was entered on September 10, 2012. Therefore the time to appeal had expired, at least based on the fact that Judgment never should have been entered. Defendant "Heldenbrand" knowingly obtained this Forcible Detainer judgment against the Plaintiff, all the while knowing the court lacked jurisdiction, and for that matter he and defendants "THR" and "THG" lacked standing. Plaintiff alleges these acts and abuse of the court system was a conspiracy by the defendants, and possible even the Justice Court Judge Cody Williams to obtain a judgment against the Plaintiff, and prevent him from appealing, which in essence would guarantee them success in wrongfully removing Plaintiff and his family from the property.

31. Plaintiff upon arrival to his property on or about October 3, 2012 learned that his locks had been changed by the State Constable. Plaintiff and his family were unable to enter the property as a result of defendants

1  "THR, THG, and Heldenbrand's obtaining a wrongful judgment against

2  the Plaintiff. [4]

3

4      32.  On September 26, 2012, the Plaintiff was forced to file for voluntary

5  bankruptcy to prevent the illegal eviction. Plaintiff was forced, due to

6  defendants illegal and deceptive acts, to make this bankruptcy filing. By

7  Plaintiff being forced to file bankruptcy, this in itself was a damage caused

8  by the defendants' acts. Notwithstanding, the bankruptcy filing did not

9  prevent the illegal displacement of the Plaintiff and his family from the

10  subject property. Therefore on or about October 10, 2012 the Plaintiff was

11  subsequently allowed to enter the property by an employee of defendants

12  "THR and THG", and to hastily remove all of Plaintiffs property and

13  belongings. Wherefore, Plaintiff and family were forced out his home, and

14  suffering damages and expenses to relocate himself and his family.

## DEFENDANTS BUSINESS PRACTICES

15      33. Defendants and each of them misrepresented to Plaintiff Williams

16  that it was advising Plaintiff Williams of his rights under the PTAF.

17  Defendants misrepresented to Plaintiff Williams that under the PTAF a

18  bona fide tenant was only entitled to ninety days' notice to vacate.

19  Defendants gave Plaintiff Williams ninety days' notice to vacate, even

20  though Plaintiff Williams was entitled to remain at his home through the

21  end of his lease term. Defendants failed to inform Plaintiff Williams that

22

23

24  [4] Defendants continued to collect the false debt although Plaintiff had served them on August 2012 with a Dispute of Debt pursuant to 15 USC §1692. Defendants therefore appears to have violated 15 USC§ 1692.

25

1   under the PTAF Plaintiff Williams may be entitled to remain in his home

2   under the terms of a lease that existed prior to the foreclosure sale.

3       34.  Defendant "Heldenbrand" knowingly and willfully conspired with

4   the aid of the remaining defendants, to utilize the court system by

5   obtaining a wrongful judgment against the Plaintiff, when he knew there

6   was no valid debt, or breach in the Plaintiffs lease agreement. At all times

7   relevant defendant "Heldenbrand" was fully aware that defendant "THR"

8   was not authorized to do business in the state of Arizona. Heldenbrand at

9   all times relevant knew the judgment obtained by him on behalf of

10  defendants "THR, and THG" was obtained by committing fraud upon the

11  court and unto the Plaintiff. Defendant Heldenbrand was fully aware that

12  because of illegal acts, Plaintiff was denied due process, and his

13  constitutional rights were severely violated.

14      35. Defendant "THR" at all times relevant knew that it was not licensed

15  to do business in the state of Arizona. Defendant "THR" at all times

16  relevant failed to register with the state of Arizona. Further defendant

17  "THR" knew the name it used was fictitious unregistered, thereby making

18  it impossible for the Plaintiff to ascertain its identity. Defendant also was

19  fully aware the Plaintiff did not breach his rental agreement, and that there

20  were no rents due to then at any time.

21      36.  Defendants "THR and THG" were at all times relevant actions were

22  willful and with intent to cause harm to the Plaintiff and his family both

23  financially and emotionally. Plaintiff has incurred expenses relating to

24  defendants actions up to but not limited to the costs of litigation.

25

37. At all times relevant and material hereto, all defendants and each of them agreed, between and amongst themselves and in combination with each other, and various agents, known and unknown. As to each overt act in furtherance of the conspiracy and enterprise, to engage in unlawful actions for a common purpose to wit defendants perpetrated fraud and obtained an unlawful judgment (illegal Forcible Detainer) against the Plaintiff and his family.

38. Defendants and each of them, at all times relevant was attempting to collect a debt, this fact is evident in their notice attached as "Exhibit E". The amount sought to be recovered in Exhibit D, was allegedly rent incurred by the Plaintiff for personal, family or household purposes. Exhibit D is the initial communication from the defendants to Plaintiff. Exhibit D fails to include the verification language required by 15 USC§1692g(a). It is or was the policy and practice of Defendants to send deceptive notices in false names, also notices that to Plaintiff that was intended to threat, deceive, mislead, and force Plaintiff and his family out of their home, in violation of 15 USC,§1692d(1) The notices sent by the Defendants were meant to confuse the Plaintiff in violation of 15 USC§1692g. Defendant THG failed to send within 5 days of having Exhibit D served, that a written Notice containing the verification language required by 15 USC §1692g.

39. At all times relevant defendant "THG" was collecting an alleged debt for another, themselves, and in the name of an entity it knew did not exist, thereby unknown. It therefore appears Defendants may be liable under 15 USC§ 1692e(2)(a)(b)(4)(5)(6)(b)(10). At all times

relevant defendant THR Phoenix LLC, is the parent company and or affiliate liable for the acts of the remaining defendants. Defendant "THR" is the owner of the subject property, therefore defendant authorized and sanctioned the acts of the remaining defendants.

40. At all times relevant the Defendants were in receipt of Plaintiff Dispute of Debt and Request for Validation on September 8, 2012, and attached hereto as "Exhibit F" Defendants failed to validate their alleged debt, yet continued debt collection efforts which included litigation.

41. Plaintiff Williams requests that this Court grant him treble economic and mental anguish damages, as well as costs, interest and fees. Plaintiffs also requests that this Court grant Plaintiffs' declaratory relief and issue an injunction to prevent future violations.

### VIOLATION OF ARIZONA CONSUMER FRAUD ACT
### (A.R.S.§ 44-1521 et. seq.)

42. Plaintiff incorporates by reference each of the allegations set forth above.

43. Defendants and each of them engaged in unlawful practices in violation of the Consumer Fraud Act, A.R.S. § 44-1521, et seq, specifically A.R.S. § 44-1522(A), provides as follows:

The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of

1  any merchandise whether or not any person has in fact been misled,

2  deceived or damaged thereby, is declared to be an unlawful practice by

3  using deceptive practices, and misrepresentations in connection with its

4  attempts to unlawfully force defendants out of his property.

5    44.  Defendants deceptive practices, and misrepresentations include, but

6  are not limited to the following:

7      1.  Falsely claiming Plaintiff was subject to vacate the premises

8         within 5 days.

9      2.  Falsely claiming in its Forcible Detainer Complaint that

10         Plaintiff was in violation of his rental agreement.

11     3.  Falsely claiming that Plaintiff owed rent in the amount of

12         $684.00.

13     4.  Falsely using fraudulent corporation names as to conceal the

14         identity of their true identities.

15     5.  Using false information and on legal documents meant to

16         commit fraud upon the court and Plaintiff. In that

17         defendants used fictitious names of parties who were not the

18         real party of interest as required by the rules of court.

19    45.  Defendants engaged in unlawful practices in violation of the

20  Consumer Fraud Act, A.R.S.,§44-1521, et seq., by using concealment,

21  suppression or omission of material facts with intent that Plaintiff rely

22  upon such concealment, suppression or omission, in connection with

23  Plaintiff legal right to tenancy under the PTFA and Arizona Landlord

24  Tenant Act respectively.

46. The concealment, suppression and omission of material facts include, but are not limited to the following:

47. Plaintiff relied on the misrepresentations, omissions and deceptive acts of Defendant when defendant's employee Dawn Rambo (also a false name) convinced Plaintiff that he would have to sign a new lease agreeing to a rental amount. This amount of $1095.00 was almost double the current rent amount pursuant to his lease.

48. In all matters alleged herein, Defendants acted willfully, fraudulently and in reckless disregard for the rights of Plaintiff. Defendants also performed these acts while not being licensed in the state to do business and trade.

49. Plaintiff is therefore entitled to damages pursuant to A.R.S., §44-1528(A), and such other damages the court may deem necessary.

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**(FDCPA, 15 USC§ 1692 et, seq.)**
**(All Defendants)**

50. Plaintiff incorporates by reference each of the allegations set forth above.

51. Defendants by sending the notices and letters to Plaintiff, was acting as a "debt collector" as that term is defined under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692(a), and acknowledged that it was acting as a debt collector in attempting to collect a debt, in their correspondence to Plaintiff. *See*, Exhibit E, September 7th Debt Collection Letter. Defendants is a business or person who uses interstate commerce or the mails and wires in business, the principal purpose of which is the collection of debt, and regularly collects, directly or indirectly, debts owed or due or asserted to be

owed or due to another. Defendants misrepresented to Plaintiff that a debt was owed, when in fact there was no debt owed.

52.   Defendants engaged in wrongful collection methods in violation of the Fair Debt Collection Practices Act, 15 U.S.C., Title 41, Subchapter V, § 1692e(2)(a)(b)(4)(5)(6)(b)(10). The violations include, but are not limited to the following:

a. Defendants threatened Plaintiff with eviction in all its notices specifically its September 7, 2012 letter, even though it knew or should have known that Plaintiff's was not subject to eviction, and further Plaintiff owed no rents due defendants.

b. Defendants threatened action that was intended to cause emotional damages, duress, stress, and ultimately force Plaintiff to abandon is the rental property.

c. Defendants threatened Plaintiff and ultimately initiated legal action against Plaintiff, they knew were false and without merit. Defendants did this to effect dispossession or disablement of property when there was no present right to possession of the Plaintiff's residency as his was in compliance with his rental agreement.

d. failure to include in the initial communication or by sending written notice within five days of the initial communication the verification language required by 15 U.S.C. § 1692g(a), in violation of 15 U.S.C. § 1692g(a);

e. failure to properly inform the consumer as to the consumer's rights for debt verification in a manner that was not reasonably calculated to

1    confuse or frustrate the least sophisticated consumer, in violation of 15

2    U.S.C. § 1692e; and

3          f. utilizing a collection communication in an attempt to collect a

4    consumer debt that was unfair and represented a deceptive debt collection

5    practice in violation of 15 U.S.C. § 1692e.

6        53.    As a direct and proximate cause of Defendants misrepresentations

7    and threats, Plaintiff suffered financial damages including but not limited

8    to the emotional distress, public humiliation, embarrassment, harassment

9    and discrimination. Plaintiff was subject to a civil procedure (Forcible

10    Detainer currently pending) whereby Plaintiff was served with legal

11    eviction which contained willfully false information. Plaintiff suffered

12    damages as result, and incurred costs and fees to seek redress in this court.

13        54.    Defendants conduct was egregious, oppressive, and undertaken

14    with complete disregard for Plaintiff's legal and property rights, entitling

15    Plaintiff to actual, statutory, and punitive damages according to proof at

16    trial.

### TORT CLAIM FOR ABUSE OF PROCESS
(All Defendants)

17        55.    Plaintiff incorporates by reference each of the allegations set forth

18    above.

19        56.    Plaintiff claims defendants and each of them are liable for abuse of

20    process. Plaintiff alleges the elements of an abuse of process claim under

21    Arizona law are: "'(1) a willful act in the use of judicial process; (2) for an

22    ulterior purpose not proper in the regular conduct of the proceedings.'"

23

24

25

57.  Plaintiff claims Defendants willfully used or threatened to use legal processes or procedures primarily to accomplish an ulterior purpose for which the process or procedure was not designed. The defendants filed legal action against the Plaintiff in the Maricopa County Justice Court for a Forcible Detainer. The action filed contained materially false information intended intimidate, harass, defame, retaliate, to cause and inflict emotional distress upon the Plaintiff. *Morn v. City of Phoenix*, 152 Ariz. 164, 730 P.2d 873 (1986); *Younger v. Solomon*, 38 Cal. App. 289, 113 Cal. Rptr. 113 (1974).  *Rondelli  v. County  of Pima*, 120 Ariz. 483, 586 P.2d 1295 (Ct. App. 1978). *Nienstadt  v. Wetzel*, 133 Ariz. 348, 651 P.2d 876 (Ct. App. 1982).

58.   Plaintiff claims Defendant's unlawful and egregious misuse of the legal process or procedure was a cause of injury, damage, loss and harm to the Plaintiff. Plaintiff's constitution right to privacy, and the right to be secured in his home, was breached by Defendants action. Defendant's legal actions had no merit, and were based on false information defendants knew were not true and correct. Defendant's actions were an attempt to force Plaintiff and his family from his home, by using the judicial system, as well as fictitious, unknown corporate names to conceal defendants' identity.

## TORT CLAIM FOR MALICIOUS PROSECUTION
### (TORT LIABILITY)
### (All Defendants)

59. Plaintiff incorporates by reference each of the allegations set forth above.

60. Plaintiff claims Defendants, especially "Heldenbrand" are liable for Malicious Prosecution in that the defendants initiated or took part in the

1   prosecution of legal proceedings against the Plaintiff. The Forcible Detainer

2   action proceeded in the Maricopa County Justice Court and terminated in

3   the defendants favor. The judgment obtained by defendant Heldenbrand

4   for Defendants THR, and THG was obtained through fraudulent means,

5   and illegal acts which included fraud upon the court, and the Plaintiff.

6   61. Defendant "Heldenbrand" may have also committed perjury, in that

7   the Forcible Detainer Complaint and Summons attached as Exhibit D,

8   contains the following;

---

### "ITEMIZATION OF AMOUNT DUE"

"   I declare under penalty of perjury that the foregoing is true and
correct."

Executed: 8/27/2012                              J. Mark Heldenbrand

---

12  63.  Indeed defendant "Heldenbrand" knew he "may" have perjured

13  himself by stating what he knew was not true.

14  64.  Plaintiff asserts that defendant Heldenbrand, and the remaining

15  Defendants were fully aware that Plaintiff owed no rents. Defendants were

16  fully aware that their actions were illegal, wrongful and would cause

17  significant damages.

18  65. Defendants acted without probable cause, acted with malice,

19  defendants malicious conduct was a cause of injury, damage, loss or harm

20  to the Plaintiff. Therefore the Defendants are liable to the Plaintiff for

21  actual, consequential, punitive and special damages in an amount to be

22  determined at trial.

23  / / / / /

24  / / / / /

25

1   /////

2   /////

## TORT CLAIM FOR INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS
(All Defendants)

66. Plaintiff incorporates by reference each of the allegations set forth above.

67. At all times relevant and material hereto, all defendants and each of them agreed, between and amongst themselves and in combination with each other, and other various agents, known and unknown. As to each overt act in furtherance of the conspiracy and enterprise, to engage in unlawful actions for a common purpose to wit defendants perpetrated fraud and obtained an unlawful judgment (illegal Forcible Detainer) against the Plaintiff and his family.

68. Plaintiff claims defendants and each of them are liable for Intentional Infliction of Emotional Distress, intentionally or recklessly caused him and his family emotional distress, which includes migraine headaches, helplessness, anxiety, sleepiness nights and depression. Plaintiff claims defendants conduct was extreme, egregious and outrageous; and conduct was either intentional or reckless; and conduct caused Plaintiff to suffer severe emotional distress. Plaintiff claims defendants conduct is "intentional" if a person's objective is to cause emotional distress. Conduct is "reckless" if a person is aware of and disregards the near certainty that it would result in emotional distress.

69. Defendants acted with malice, specifically and collect acted with malice, defendants' malicious conduct was a cause of injury, damage, loss

1   or harm to the Plaintiff. Therefore the Defendants are liable to the Plaintiff

2   for actual, consequential, punitive and special damages in an amount to be

3   determined at trial.

## REQUEST FOR RELIEF

5   **WHEREFORE**, the Plaintiff respectfully requests that this Court

6   grant the   following relief:

7   1.   A declaratory judgment that the Forcible Detainer Action Judgment

8       is hereby void and Vacated, without any legal effect. Defendants

9       practices, policies and conduct misrepresent, and further violated

10      the constitutional rights of the Plaintiff and in Violation of 15

11      USC§1692, ARS §44-1521, and each of Plaintiff's Tort Claims.

12  2.   A permanent injunction that prohibits Defendants from

13  misrepresenting by omission to persons residing in homes that Defendants

14  have obtained through foreclosure sales that bona fide tenants may not be

15  entitled to remain in the home through the original lease, to ninety days'

16  notice to vacate and to the rights and protections afforded by the PTFA;

17  3. Statutory, consequential, punitive, and special damages in an amount

18  to be determined at trial.

19  4.   Costs of suit and reasonable and fees incurred herein pursuant each

20  and every violation of A.R.S. § 12-341.01, and 15 U.S.C. § 1692(k);

21  5.   Statutory damages in an amount to be determined at trial.

22  6.   Punitive damages in an amount to be determined at trial.

23  7.   A permanent injunction to prohibit, prevent and deter future

24  violations;

8. Award Plaintiffs pre-judgment and post-judgment interest at the maximum legal rate;

9. Award Plaintiffs costs of court and costs of litigation;

10. Award Plaintiffs attorney's fees, costs and fees; and,

11. Grant such other and further relief, general and special, legal and equitable, to which Plaintiff may be entitled.

Dated: January 29, 2013.

## DEMAND FOR JURY TRIAL REQUESTED

Plaintiff Williams makes its demand for a trial by jury of twelve.

## VERIFICATION

I, Eugene Williams hereby affirm that I have personal knowledge of the facts set forth herein the Complaint, and that the information is true and correct to the best of my knowledge. I am willing to testify as to the allegation made against the defendants and each of them.

*Eugene Williams*

Eugene Williams, *Plaintiff*
155 E. Ingram Street
Mesa, AZ 85201

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT A
## LEASE AGREEMENT (9 PAGES)

# Unofficial
# Document

When recorded mail to:

Name: _____

Address: _____

_____

City/State/Zip: _____

_____

this area reserved for county recorder

2. _____
1 OF 1

## CAPTION HEADING:

_LEASE  AGREEMENT_

## DO NOT REMOVE

## This is part of the official document.

20110857122

1. **THE PARTIES TO THIS PROPERTY RENTAL AGREEMENT ARE:**

1.1 **THE LANDLORD:**

First Name(s): _Candido

Last Name / Surname: Lopez

Physical Address: P.O Box 50661 Phoenix, Az 85076

1.2 **THE TENANT:**

First Name(s): Eugene

Last Name / Surname: Williams

Physical Address: 1209 W Shumway Farm Rd Phoenix, Az 85041

The parties choose the above stated addresses as their physical addresses for purposes of delivery of any notice, payment of any amount and at which legal proceedings may be instituted pertaining to this property rental agreement. Each of the parties will be entitled at any time by way of written notice to the other to change the information regarding their physical addresses. Such change will become effective on the 7th day after receipt by the other party of the notice. Any notice which the Landlord requires to give to the Tenant shall be deemed to have been validly given if sent by pre-paid registered letter to the Tenant at the Property or left by the Landlord or his Agent at such address, which notice shall be deemed to have been received 5 days after posting by registered post, or on the day the notice was delivered by hand.

2. **THE PREMISES:**

Physical Address: 1209 W Shumway Farm Rd Phoenix, Az 85041

20110857122

## 3.   PERIOD OF LEASE:

3.1   The initial period of the lease shall start on the 1st day of September in the year 2011

and shall end at midnight on the 1st day of September in the year 2013

3.2   The lease shall be automatically renewed after the initial term on a month to month basis under the same conditions.

Acknowledgement by Tenant: _____

3.3   After the initial period of the lease this property rental agreement may be cancelled by either the Landlord or the Tenant by giving one month written notice.

3.4   For the purposes of this property rental agreement a month shall be construed to be a calendar month.

## 4.   RENTAL:

4.1   The monthly rental for the premises for the initial period is an amount of 650.00 (Six Hundred Fifty Dollars ).

4.1.1   The rental includes an amount payable for rates and taxes/levies in respect of the Premises to the local authority / body corporate / share block company / home owner's association concerned which will be payable by the Landlord.

4.2   The said monthly rental is escalated annually at a rate of _____2___% (Two percent) of the monthly rental for the previous year.

4.3   Rental shall be paid monthly in advance on or before the first day of the month, without any deduction whatsoever at the following address:

P.O Box 50661 Phoenix, Az 85076

4.4   Tenant to pay a late payment charge of Fifty Dollars if rent is not received within five days after the due date to cover collection fees and/or additional administration fees and Tenant to pay an amount of Fifty Dollars for each rent check returned for insufficient funds and thereafter pay rent by cash or cashier's check.

4.5   In the event of the rental or any portion thereof not being paid on the due date, or the Tenant failing to meet his obligations under this property rental agreement, or the Tenant surrendering his estate or being sequestrated, provisionally or otherwise, the Landlord shall be entitled to by written notice require the Tenant to comply with the specific obligation which he has failed to meet within 14 (FOURTEEN) days after receiving the said written notice by hand or within 14 (FOURTEEN) days after the sending thereof per registered mail, and should the Tenant still fail to comply with such obligations the Landlord shall be entitled to:

PLAINTIFF EUGENE WILLIAMS AMENDED COMPLAINT FOR DAMAGES
-29-

20110857122

4.5.1   cancel this property rental agreement, eject the Tenant and/or any other persons occupying the premises without prejudice of his rights to claim arrear rental;

4.5.2   claim payment of any arrear rental or any other monies due, be it compensation for damages to the premises, or damages arising out of breach of the agreement by the Tenant.

4.6   In the event of the Tenant not vacating the property after cancellation of the agreement by leaving his property or possessions behind, the tenant shall be liable for the rental.

4.7   The Tenant shall not be entitled to any reduction in rental while the Landlord does repairs to the property.

## 5.   ADDITIONAL PAYMENTS BY TENANT:

5.1   Unless included in any levy payable by the Landlord in terms of 4.1.1, the Tenant shall from the date of commencement of this Agreement promptly pay for all expenses incurred by means of water use, electricity and or gas supply, sewer, effluent and sanitary fees, rubbish disposal and all charges arising out of any telephone or other service installed on the Premises.

5.2   The cost of this Property Rental Agreement together with any Stamp Duty thereon shall be paid by the Tenant.

5.3   All legal and collection costs incurred by the Landlord in respect of any legal steps taken by him against the Tenant to enforce any of the Tenant's obligations in terms of this Agreement shall be paid for by the Tenant to the extent permissible by law.

Should the Tenant fail to make payment of any of the aforementioned, the Landlord shall have the right without prejudice to his other rights in law or under this Agreement to effect payment himself and to recover the amounts so expended from the Tenant.

## 6.   DEPOSIT:

6.1   The Tenant must deposit an amount of 1,300.00 with the Landlord on signature of this Property Rental Agreement. This deposit will be held by the Landlord and may be used at any time to repair damages caused by the tenant to the Premises. The deposit or balance thereof will be refunded to the Tenant when this Agreement expires and after inspection of the Premises but not later than thirty days after this Agreement expires. The deposit may also be utilized for the payment of amounts due and owing by the Tenant in terms of this Property Rental Agreement as well as the cost of repairing damage (other than ordinary wear and tear) to the Premises and/or replacing lost keys. This provision is purely for the benefit of the Landlord and does not relieve the Tenant in any way from the obligation of any other payment or liabilities in terms thereof.

6.2   The Tenant shall not under any circumstances be entitled in the final month of the tenancy to withhold payment of the rent or portion of the rent for the final month and to set off such payment against any deposit which the Tenant may have paid in terms of this Property Rental Agreement.

## 7.   TENANT OBLIGATIONS:

20110857122

7.1   The Tenant has inspected the Premises and confirms that they are suitable for the purposes for which they are let for the duration of this Agreement.

7.2   The Tenant acknowledges that the Premises are in a good state of repair and specifically acknowledges that at commencement of this Property Rental Agreement, all of the sanitary installations and equipment, electrical installations and equipment, keys, locks, doors, windows, wash basins and taps are in a good state of repair and working order.

7.3   The Tenant shall give written notice to the Landlord within 7 (SEVEN) days after the commencement date, of any structural defects in the Premises, or any defects in the abovementioned installations and equipment, and the absence of such notice shall constitute prima facie proof of the absence of any defects or missing articles and the good condition of the Premises. Any notice given by the Tenant shall not place any obligation on the Landlord to effect any repairs but will serve only to record the state of repair.

7.4   The Tenant shall allow the Landlord or his agent access to the Premises at all reasonable times with prior arrangement with the Tenant, to inspect the Premises or to carry out any work that may be required to be done or are deemed to be necessary in order to keep the property fixtures and fittings in good order and conditions.

7.5   The Tenant undertakes to maintain the Premises and to return same in a clean and neat condition at the expiration of this Property Rental Agreement. The Tenant will be liable to promptly attend to any repair that may be necessary and in general attend to the upkeep and maintenance of the Premises, alternatively to reimburse the Landlord for the cost of replacing or repairing any breakages or defects. The parties hereto agree that the Landlord or his authorized agent may at anytime with prior arrangement with the Tenant inspect the Premises and point out any aspect that needs attention whereupon the Tenant shall be obliged to attend hereto within 7 (SEVEN) days after given written notice to do so. A failure to comply will constitute a breach of contract in terms of this agreement.

7.6   The Tenant undertakes to keep and maintain all gutters, sewerage pipes, water pipes and drains on the Premises free from obstruction and/or blockage.

7.7   The Tenant shall use and operate all electrical and plumbing fixtures properly.

7.8   The Tenant shall not remodel or make any structural changes to the Premises, nor shall the Tenant deface, mark, paint or drive nails, hooks or screws into any doors, walls, ceilings or floors, nor shall the Tenant attach or remove any fixtures or locks without the Landlord's prior written permission.

7.9   The Tenant acknowledges that any improvements made by the Tenant on or to the Premises shall become the property of the Landlord on termination of this Property Rental Agreement and the Tenant shall not be entitled to remove any such improvement unless so demanded by the Landlord in writing, nor claim from the Landlord any compensation in respect thereof. The Tenant further agrees to repair all damage caused by such removal failing which, the Landlord may have the improvements removed and damage repaired and recover all costs so incurred from the Tenant.

20110857122

7.10   The Tenant shall not keep any pets or animals in or on the Premises without the Landlord's prior written consent and the Tenant shall be responsible for any damage to the premises caused by such pet or animal.

7.11   The Tenant shall not do or allow to be done in any way anything which would increase the premiums of or vitiate the Policies of Insurance on the property.

7.12   The Tenant shall keep the grounds of the Premises in a clean and tidy condition, free from all litter and rubbish, garden refuse and discarded appliances or motor parts and shall keep the hedges trimmed, lawns mowed and flowerbeds neat and tidy.

7.13   The Tenant undertakes to keep the swimming pool clean and free from dust, algae and other deleterious substances, to use the correct and sufficient chemicals as indicated by the Landlord or a pool company nominated by the Landlord and generally to maintain the pool, filter and motor in properly working order at the Tenant's expense. Any automatic pool cleaner which may be supplied by the Landlord, shall be maintained and repaired by the Tenant at his own cost and expense. If, for any reason, the Tenant shall have course to leave the Premises unoccupied for 7 (SEVEN) days, he will ensure that he continues to maintain the pool in accordance with the aforesaid obligations.

7.14   The Tenant agrees to use the Premises solely as a private dwelling for the Tenant and additional members of the Tenant's household as identified in this Property Rental Agreement and not permit use of the Premises for any other purposes other than as a private dwelling.

7.15   The Tenant shall not, without the landlord a written consent, which consent will not be unreasonably withheld:

7.15.1   Cede, assign, transfer, alienate, burden any of its rights or delegate any of its obligations under this Agreement.

7.15.2   Surrender occupation or possession of the Premises or permit any person whether as licensee, subtenant, agent, occupier, custodian to take possession or occupation of the Premises.

7.16   The Tenant shall not provide accommodations for boarders or lodgers.

7.17   The Tenant may have temporary visitors. The same visitor may not stay overnight more than 4 (FOUR) times within any month without written permission from the Landlord.

7.18   The Tenant shall conduct himself/herself and require persons on the premises with his/her consent to conduct themselves in a manner that will not contravene any law, bylaw, ordinance or regulation applicable in respect of the Premises nor cause or permit any nuisance.

7.19   The Tenant shall allow the Landlord or his agent and/or any prospective Tenant or Purchaser to view the exterior and interior of the Premises during reasonable hours, provided a prior appointment to do so has been made with the Tenant.

20110857122

7.20   The Tenant must regularly test the smoke detectors to ensure that they are working effectively. Batteries may not be removed except to replace them. It is a duty of the Tenant to inform the Landlord in writing of any defect or malfunction of smoke detectors.

7.21   The Tenant agrees that any violation of the law regarding illegal drug use will be grounds for immediate termination of this rental agreement, after the Landlord has filed a police report in this regard.

**7.22   The Tenant shall notify the Landlord in writing within 4 days of moving out of a forwarding address. Failing to do so will relieve the Landlord of sending the tenant a list of damages against the security deposit.**

## 8.   LANDLORD OBLIGATIONS:

8.1   The Landlord shall be responsible for maintaining the main walls, roof and other structural parts of the Premises in good order and repair. Should the main walls, roof or other structural parts of the Premises become in a defective condition resulting in such consequences as leakage or danger to the Tenant, it shall be the obligation and duty of the Tenant to advise the Landlord of such defective condition in writing and the Landlord shall take steps to have the defective condition rectified without delay.

8.2   The Landlord shall not be liable for any compensation for any damage suffered by the Tenant as a result of rain, hail, snow, leakage, fire, flooding, storms, riot, theft, robbery or in general any damage as a result of any act or negligence whatsoever nor any damage suffered as a result of the interruption of water or electricity/gas supplies. Should the destruction be due to the default or negligence of the Tenant, his family, servants or persons occupying the Premises under him, the Landlord shall under these circumstances be entitled to claim payment of such damages as the Landlord may have suffered. If in any event the damage suffered to the Premises result in that the Premises is not suitable for the purpose for which it has been leased, it shall constitute a ground for the Tenant or the Landlord to cancel this Property Rental Agreement.

8.3   The Landlord shall be liable to pay all rates and taxes / levies payable in respect of the Premises to the local authority / body corporate / share block company / home owner's association concerned.

8.4   The Landlord undertakes that he will not accept any offer for the purchase of the Premises without first offering to sell the Premises to the Tenant. This pre-emptive right must be carried out by the Tenant within 14 (FOURTEEN) days after the offer has been made by the Landlord.

## 9.   NO WAIVER:

No relaxation, indulgence, waiver or concession which the Landlord may show at any time whatsoever in regard to the carrying out of any of the Tenant's obligations in terms of this Property Rental Agreement, shall prejudice any of the Landlord's rights under this agreement in any manner whatsoever or be regarded as a waiver of any of the Landlord's rights in terms of this agreement.

20110857122

**10.  LIMITATION OF LIABILITY:**

The Tenant and any other person associated with the Tenant including but not limited to relatives, friends, visitors or employees shall have no claim for injury, damages or loss sustained directly or indirectly in or about the Premises against the Landlord for any act or omission of the Landlord including but not limited to any agent, servant, cleaner, maintenance person, handyman, artisan or employee of the Landlord save from that arising due to active and actionable negligence or willful misconduct.

**11.  FULL AGREEMENT:**

This lease contains all the terms and conditions of the Property Rental Agreement entered into by the Landlord and Tenant. The Landlord shall not be liable for any warranty, guarantee, representations or undertakings of whatsoever nature which might have been made to the Tenant by any person whomsoever, except as contained herein. The Landlord shall not be bound by any amendment, alteration or variation of the terms of this agreement, unless reduced to writing and signed by the Landlord and Tenant or any person duly authorized thereto in writing by them. Expressions in the singular also denote the plural and vice versa, pronouns of any gender include the corresponding pronouns of the other gender and words denoting natural persons also refer to juristic persons and vice versa. If any clause, or part of a clause, in this Property Rental Agreement is found to be unlawful, it shall not affect any of the other clauses whatsoever and the balance of the Property Agreement will remain binding on both the Tenant and Landlord.

**12.  WARRANTY OF AUTHORITY AND DECLARATION:**

Any person or more than one person signing this Property Rental Agreement warrants his or her authority to do so AND that they have read it and understand it and voluntarily agree to it.

**13.  JURISDICTION:**

13.1   The parties consent to the jurisdiction of the magistrate's

Court for the district of <u>Arizona</u>

Signed at _____ 8AM _____ on this 1st day of _Sept_ 20 11

LANDLORD:  _Candido Lopez_

20110857122

Signed at ___8 AM___ on this _1st_ day of _Sept_ 20_11_

TENANT: _Eugene Williams_

Please Note: If you are letting your property to more than one tenant who will share the rent and responsibilities, you have to add the following clause (let them sign it specifically to make sure they understand) and add additional lines at the bottom of the free property rental agreement for other tenants to sign and be witnessed.

**JOINT AND SEVERAL TENANCY:**

We understand and agree that our obligations are joint and several. We understand that we will be responsible for our individual obligations as well as the obligations of all other tenants signing this agreement. This includes paying rent and all other terms of this rental agreement.

TENANT 1: _____

TENANT 2: _____

TENANT 3: _____

You may also want to add the following clause in your free property rental agreement to make provision for changes to the agreement after the lease starts:

**ADDITIONAL PROVISION:**

The landlord may increase the rent after giving 30 days written notice in the case of the following:

A)   Changes required by law

B)   Changes in rules relating to health and safety

C)   Increases in property taxes, utilities and property insurance

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT B
## EVICTION NOTICES (2 PAGES)

71133701537169831725                    8/17/2012                    00042061-01



Treehouse Group Companies
2075 S Cottonwood Drive
Tempe, AZ 85282

## NOTICE FROM THE NEW OWNERS OF THIS PROPERTY

TO: Eugene Williams
Any & All Occupants
1209 W. Shumway Farm Rd.
Phoenix, AZ. 85041

Please be advised that THR PHOENIX, LLC., is the new owner of the premises pursuant to a
Trustee Sale on 7/31/2012.

NOTICE IS GIVEN PURSUANT TO A.R.S. SEC. 12-1171 et. seq. that your occupancy is
unauthorized. You have five (5) days from the date of this notice. If you fail to vacate as requested, legal
action will be taken for possession of the property, fair rental value of the premises, court costs and
attorney fees. You are required to leave all appliances and fixtures with the home. If you remove them,
you may be charged with criminal and civil penalties.

PURSUANT TO S.896, TITLE VII OF THE PROTECTING TENANTS AT FORECLOSURE
ACT, demand is hereby made that if you believe you are a tenant with a bonafide lease pursuant to the
above referenced law, you must contact the new owner at the address listed below and produce a copy of
the lease, proof of payment of the rent for at least the past four months, permit access within this five day
period to inspect the premises and pay all rents due and owing. Failure to exercise your potential legal
rights may result in legal action for possession of the property, the rent, late fees, court costs and attorney
fees. If the above provision applies, this notice serves as a five day notice of the non-payment of rent
pursuant to ARS 33-1368B of the amount specified in your rental agreement from the date of the
foreclosure.

Furthermore, PURSUANT TO S.896, TITLE VII OF THE PROTECTING TENANTS AT
FORECLOSURE ACT this new owner does not desire to reside in the home as their primary residence.
If you are a month to month tenant (one with or without a written lease) this notice shall serve as your
ninety day notice to vacate the home. Failure to keep the rent current during that period of time or to
vacate timely will result in legal action for possession of the property, the rent, late fees, holdover fees,
court costs and attorney fees.

Dated: 8/16/2012
By: _____

Enclosed is the contact information for the owners Property Management Company

( ) Hand Delivered this date: _____
(X) Certified Mail & Regular Mail on this date: 8/16/2012
( ) Emailed occupant: _____

### RESIDENTIAL EVICTION INFORMATION SHEET
### (PUBLICATION AND DISTRIBUTION REQUIRED BY THE ARIZONA SUPREME COURT)

**Notice.** A landlord must provide a tenant with written notice saying why the eviction process has started. The tenant should have received this notice before this lawsuit was filed or with the summons.

**Rent cases.** If this lawsuit has been filed for not paying rent, the tenant can stop it and continue living in the residence by paying all rent now due, late fees, attorney's fees and court costs. After a judgment has been granted, reinstatement of the lease is solely in the landlord's discretion. Inability to pay rent is not a legal defense and the judge cannot give more time to pay, even if the tenant is having financial problems.

**Before Court.** Eviction cases move through the court system very quickly. If the tenant disagrees with the landlord's allegations, the tenant is encouraged to file a written answer. The answer form available from the justice court allows the tenant to admit or deny the allegations and explain his or her position. If the tenant cannot afford to pay the answer fee, he or she may apply for a waiver or deferral of that fee. If a tenant believes that the landlord owes him or her money, the tenant may under some circumstances file a counterclaim. The summons states that a trial will occur on the date listed, but due to the high volume of cases, a trial may not occur then. If the tenant fails to appear, and the landlord or his attorney is present, a judgment will probably be entered against the tenant. Tenants can represent themselves or arrange for lawyers to represent them. The court will not provide a lawyer.

**At Court.** At the time and date listed on the summons, the judge will start calling cases. If both parties are present, the judge will ask the tenant whether the complaint is true. If the tenant says "no", he or she will need to briefly tell the judge why. If the reason is a legal defense, the judge will need to hear testimony from both sides and make a decision after a trial. After talking to the landlord or its attorney, a tenant may wish to agree to what the landlord is requesting by signing a "stipulation". A stipulation is an agreement under which the parties resolve the dispute on the basis of what the agreement says. Only matters contained in the written agreement can be enforced. These agreements should be clear and understandable by both parties. Most stipulations include judgments against tenants.

**Continuances.** Either party may ask that the court date be delayed. The court will agree only if there is a very good reason. A delay will be no more than three business days. There is no assurance a delay will be granted and parties should come to court prepared for trial and bring necessary witnesses and documents.

**After a Judgment.** If a landlord receives a judgment, it may apply for a writ of restitution to remove the tenant(s) and all occupants. Writs of Restitution are served by constables, who will direct the residents to leave. A tenant may avoid the difficulties associated with a writ of restitution by vacating the property and returning the keys to the landlord. This ends the tenants' possession of the residence. A tenant will have five (5) days to vacate the premises unless the court has found a material and irreparable breach of the lease by the tenant, in which case the tenant has only twelve (12) to twenty-four (24) hours to vacate. A judgment will probably appear on a tenant's credit report for several years. Parties wishing to appeal from a judgment have five days to do so after the judgment is entered and can obtain forms and information from the court filing counter. If a tenant wants to remain in the rental home during the appeal, the tenant must also pay an appropriate bond and continue to pay rent into court as it becomes due. If the tenant prevails the court will dismiss the case. Absent an appeal, the tenant will need to obtain the landlord's approval and enter a new lease to continue living in the residence.

**Sources of Additional Information.** You can get copies of the Arizona Residential Landlord Tenant Act, the Arizona Mobile Home Parks Residential Landlord and Tenant Act and the Long Term Recreational Vehicle Rental Space Act from a library or from the Secretary of State's office or web page: www.azsos.gov. In Maricopa County if you wish to consult an attorney, you may want to contact the Arizona State Bar Attorney Referrals Line at (602) 257-4434 or Community Legal Services at (602) 258-3434. Contact the court in other counties for similar referrals. You can obtain a summary of the obligations of landlords and tenants on the web page for justice courts in Maricopa County: www.superiorcourt.maricopa.gov/justicecourts/info

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT C
PLAINTIFF NOTICE TO DEFENDANTS

CONSTRUCTIVE NOTICE

TreeHouse Group Companies                                   August 15, 2012
2075 S. Cottonwood Drive
Tempe, AZ 85282

Dawn Rambo
2075 S. Cottonwood Drive
Tempe, AZ 85282

THR Phoenix, LLC
2075 S. Cottonwood Drive
Tempe, AZ 85282

Re: Eugene Williams
     1209 W. Shumway Farm Road
     Phoenix, AZ 85041

　　　　This communication is being served upon you in response to your August 15, 2012 letter
mailed to my residence. The letter purports to allege my tenancy at the premises may be
unauthorized, and subject to eviction pursuant to A.R.S. SEC. §12-1171.

　　　　Since this letter I have spoken with your office, provided the appropriate lease documents
to verify my legal tenancy at the residence. However there have been statements made by your
office with respects to the monthly rental amount. Basically your position is that the rental in
your opinion is under market value, to which I wholeheartedly disagree.

　　　　I have consulted counsel on this matter, and was informed that pursuant to federal law,
specifically the Protecting Tenants at Foreclosure Act. I have learned that my tenancy as well as
the rental amount is valid. The provisions of this federal law applies to my tenancy, therefore the
lease provided must be complied with by any subsequent owners of the property. Since your
letter addresses the fact that the new owner does not desire to reside in the home, my lease shall
be honored until it terminates Your concerns regarding the rental amount being below market
value is unsubstantiated based on my research, and "PTAFA" Section 702(b). Notwithstanding,
the "PTAFA" does not give leave to negotiating such terms, as this was an at arm's length
agreement with the previous property owner.

　　　　Although I initially was willing to be flexible with your office with regards to the
monthly rent, it was your actions to increase the rental amount beyond market value that caused
me to seek competent counsel for advice. Now that I am fully knowledgeable of my legal
tenancy rights, and the federal protections afforded by the "PTAFA", I have no desire to modify
any of the current lease terms. By law the current lease must be complied with until its maturity
and end date.

　　　　In closing my position has been documented in this communication and any further
attempts to interfere with my tenancy by and through threatening notices of eviction, will be
countered by legal action. The notice to vacate in 90 days is therefore without merit and legally a

CONSTRUCTIVE NOTICE

nullity under federal law. Rent will be remitted as contractually agreed upon in the lease, and forwarded to your office. Should you have any other concerns I can reached by mail only.

Regards,
Eugene Williams

cc:
file:
Counsel:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT D
SUMMONS AND COMPLAINT

SOUTH MOUNTAIN J.C. 520 WEST JACKSON PHOENIX  ARIZONA 85003 602-372-6300

| PLAINTIFF | CASE NO. | DEFENDANT(S) |
|---|---|---|
| THR PHOENIX, LLC | CC2012-168867 FD | JOHN DOE<br>JANE DOE |

**J. MARK HELDENBRAND, PC**
SBN 011790
P.O. Box 34772
Phoenix, AZ 85067-4772
Telephone: 602.254.3400
Facsimile: 602.267.1064
Attorney for Plaintiff

DOES I-X, all occupants
1209 W  SHUMWAY FARM RD
Apt
PHOENIX, AZ 85041

SPECIAL DETAINER
SUMMONS

### SUMMONS

**STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby summoned to appear, answer and defend this action in the Court named above

| TRIAL DATE: | 9/4/2012 | TIME: | 1:00 PM |

**IF YOU FAIL TO APPEAR, ANSWER AND DEFEND YOURSELF IN THIS ACTION, A DEFAULT JUDGMENT AND AN ORDER REMOVING YOU FROM THE PROPERTY MAY BE ENTERED AGAINST YOU AS REQUESTED IN THE COMPLAINT.**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

DATED:  082812

BY:
Justice of the Peace

Reference #  158875

RECEIVED
AUG 2 7 2012
SOUTH MOUNTAIN
JUSTICE COURT

PLAINTIFF EUGENE WILLIAMS AMENDED COMPLAINT FOR DAMAGES

-43-

**ITEMIZATION OF AMOUNT DUE**

A. RENT                                    $684.00

B. LATE FEES                               $0.00

C. RENTAL CONCESSION

D. OTHER ITEMS/DAMAGES PER LEASE

E. WILLFUL HOLDOVER

F. TAXABLE COSTS                           $133.00

G. ATTORNEY'S FEES                         $220.00

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant(s), as follows: immediate possession of the premises, rent, late fees, rental concession fees, quantifiable damages, taxable court costs and reasonable attorney's fees. Should Defendant(s) fail to vacate as ordered by the Court, for issuance of a Writ of Restitution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:  08/27/12

J. Mark Heldenbrand
Attorney for Plaintiff

**IF THIS COMPLAINT IS FOR <u>NON-PAYMENT OF RENT</u>, YOU MAY CHOOSE TO CONTACT THE PLAINTIFF OR PLAINTIFF'S ATTORNEY AND REINSTATE THE LEASE AGREEMENT AND CAUSE THE EVICTION ACTION TO BE DISMISSED IF, PRIOR TO THE ENTRY OF JUDGMENT, YOU PAY ALL RENTS DUE, ANY REASONABLE LATE FEES DUE THAT ARE PROVIDED FOR UNDER A WRITTEN LEASE AGREEMENT, AND ANY COURT COSTS AND ATTORNEY FEES THE PLAINTIFF HAS INCURRED AS OF THE DATE THE PAYMENT IS MADE.**

Date:     8/28/2012
Reference #158875
Client Code 990479

RECEIVED
AUG 27 2012
SOUTH MOUNTAIN
JUSTICE COURT

PLAINTIFF EUGENE WILLIAMS AMENDED COMPLAINT FOR DAMAGES
-44-

SOUTH MOUNTAIN J.C. 620 WEST JACKSON PHOENIX, ARIZONA 85003 602-372-6300

| PLAINTIFF | CASE NO. | DEFENDANT(S) |
|---|---|---|
| THR PHOENIX, LLC | CC2012-<br>168867FD | JOHN DOE<br>JANE DOE |
| J. MARK HELDENBRAND, PC<br>SBN 011790<br>P.O. Box 34772<br>Phoenix, AZ 85067-4772<br>Telephone: 602.254.3400<br>Facsimile: 602.257.1064<br>**Attorney for Plaintiff** | **SPECIAL DETAINER<br>COMPLAINT**<br><br>**COMPLAINT** | DOES I-X, all occupants<br>1209 W. SHUMWAY FARM RD<br>Apt.<br>PHOENIX, AZ 85041 |

### YOUR LANDLORD IS SUING TO HAVE YOU EVICTED. PLEASE READ CAREFULLY.

**STATE OF ARIZONA** )
                                      ) ss.
**County of Maricopa** )

1. I am the attorney for Plaintiff.

2. This Court has jurisdiction over this action.

3. Plaintiff is entitled to immediate possession of the following described premises:
   1209 W. SHUMWAY FARM RD, PHOENIX, AZ 85041

4. Defendant(s) wrongfully withhold(s) possession of the premises from Plaintiff.

5. Defendant(s) was/were served proper notice to vacate the premises because of:
   TRESPASS

   Date of breach:                        8/17/2012

   Notice served on         8/17/2012    Method: CERTIFIED

6. Rent per MONTH          is due on   8/17/2012     in the amount of        $1,095.00

7. Late fees due:              + (              x              days) =        $0.00

8. Rental concession: Given at move-in          ; Per month          TOTAL=

9. Total amount of rent, late fees, and any other fees, charges or costs    $1,037.00

RECEIVED
AUG 27 2012
SOUTH MOUNTAIN
JUSTICE COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT E
DEFENDANTS NOTICE OF NON-ACCEPTANCE OF PAYMENT

## NOTICE OF NON-ACCEPTANCE OF TENDERED PARTIAL PAYMENT

Eugene Williams & All Occupants                                    9/7/2012
Tenant                                                            Date

1209 W Shumway Farm Rd
(Street, Unit #)

Phoenix            ,  Arizona      85041
(City)                            (Zip Code)

This correspondence shall acknowledge your tender of partial payment of rent for the above-described dwelling unit, in the sum of $650.00. This correspondence shall also serve as legal notice that said partial payment is hereby not accepted by your landlord. Full payment must be received, unless a nonwaiver agreement is executed each time partial payment is tendered. This refused partial payment is currently in our office. For your protection, you must come to the office to personally claim your tendered payment. To further insure against loss or theft, the tendered payment will not be returned via mail or otherwise delivered to you. Please contact the office immediately to indicate: (1) the time you will call for your tendered partial payment, and/or (2) when full payment of your rent may be expected.

Per A.R.S. §33-1368(B), this writing shall serve as legal notice of your landlord's intention to terminate your rental agreement and file a special detainer action to recover immediate possession of your dwelling unit, should you fail to pay all monies due within five (5) days from legal receipt of this notice.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Unless you dispute the validity of the debt, or any portion thereof, in writing, within 30 days of receipt of this letter, it will be assumed to be valid. If the dispute is received in writing, debt verification, or a copy of judgment, will be obtained and mailed to you. If requested in writing within 30 days of receipt of this letter, original creditor's name and address will be provided.

The law does not require us to wait until the end of the 30 day period before filing a special detainer action seeking possession and collection of damages. If, however, you request proof of the debt in writing, within the 30 day period that begins with receipt of this notice, the law requires us to suspend collection efforts (through litigation or otherwise) until we mail the requested information to you.

**Method of Service:**
☐ Hand-delivered this _____ day of _____

   Description:   ☐ M   ☐ F ____ ___ # ____ · years old.

   ☐ Afr Am   ☐ Asn   ☐ Cauc   ☐ Hisp   ☐ Nat Am   ☐ Other _____

☐ *Posted on door this          day of
☐ *Certified mail this      7      day of   September,   2012
   *Note: If posted on door, a copy of notice must be mailed by certified letter

                                          Server/Affiant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## EXHIBIT F
## PLAINTIFF DEBT VALIDATION DISPUTE LETTER

REQUEST FOR DEBT VALIDATION
SERVED BY US REGULAR MAIL
SERVED BY ELECTRONIC MAIL

TreeHouse Group Realty LLC                                    September 8, 2012
2075 S. Cottonwood Drive
Tempe, AZ 85282

Dawn Rambo
2075 S. Cottonwood Drive
Tempe, AZ 85282

THR Phoenix, LLC (an unlicensed entity, fictitious name)
THG Realty LLC,
2075 S. Cottonwood Drive
Tempe, AZ 85282

Re: Eugene Williams
1209 W. Shumway Farm Road
Phoenix, AZ
85041

  This communication is being served upon you in response to your September 7, 2012 letter styled "Notice of Non-Acceptance of Tendered Partial Payment".

  Pursuant to A.R.S. §44-1521, et, seq. and 15 U.S.C. §1692, and A.R.S.§ Title 33 Chapter 10, you are commanded to provide verification and validation of the alleged debt claimed in your correspondence.

  Further in researching your company, and the various corporate names used in communicating with me such as:

    a. THR Phoenix LLC;
    b. TreeHouse Group Companies;

  I have found that no such corporation exists incorporated under the State of Arizona. Therefore state and federal law prohibits using false and misleading information to a consumer in the normal course of business. Arizona further prohibits an unlicensed corporation to conduct business that is not registered with the Secretary of State. I request certified proof that you are in fact licensed in the State of Arizona along with your corporations file Number, correct corporate name and address, and confirmation of your corporation being licensed as a debt

1

2

3

REQUEST FOR DEBT VALIDATION
SERVED BY US REGULAR MAIL
SERVED BY ELECTRONIC MAIL

4

collector. Until I received this information, you are notified to cease
communications, collection actions, including but not limited to any legal actions.

5

6

7

As you are aware I have already addressed the matter regarding my tenancy
and protections under "PTAFA" Section 702(b). Notwithstanding, the "PTAFA"
does not give leave to negotiating such terms, as this was an at arm's length
agreement with the previous property owner. Nonetheless your notices are very
ambiguous, misleading and in most regards inaccurate. It is my position that I
have fulfilled my contractual obligation in that I have remitted timely payment of
rent.

8

9

10

11

12

Your letter states that I remitted a partial payment, this allegation is
materially false and lacks merit. I remitted $650.00 which is the amount of my rent
pursuant to my lease. Your office has not made a demand upon me of an amount
contrary to the amount tendered. Therefore I demand that you notify me by
registered mail only, and clearly state your claim of a breach of contract, and
alleged payments due you. I further demand that you Cease and Desist any further
collection activity, not limited to, but including any and all legal (unlawful)
actions initiated by you, until I receive notice as required by the above referenced
state and federal laws.

13

14

15

16

17

Upon reading your letter sent by certified mail, I find it puzzling that you
state my tendered payment is not accepted. However I noticed you did not return
the rejected payment, your reason being "for my protection" against loss or theft.
Therefore you request that I appear personally in your office to obtain my alleged
rejected payment. I find no merit in this position of yours, that loss and theft is the
reason for your unlawful request, as the US Postal office was secure enough for
you to send your correspondence by certified mail. It would it be suffice to say
that if you had intention to return my alleged rejected partial payment, it was have
been just as safe to enclose it in the same envelope as your Notice.

18

19

20

In light of your use of fictitious corporate name, which is an attempt to
conceal your identity, and the unfounded request that I travel to your office to
retrieve this alleged partial payment. I object to your offer, and demand that you
reframe from harassing, threatening, discriminating against, and breaching the
terms of my lease.

21

22

Should I not receive the requested notices in compliance with this legal
request, I will be forced to file legal action against you, and seek damages as a
result of your violations. I request you serve me with an answer within 5 days,

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REQUEST FOR DEBT VALIDATION
SERVED BY US REGULAR MAIL
SERVED BY ELECTRONIC MAIL

whereby if not timely received your claims will be considered waived by you.

                                        Respectfully,
                                        /s/ Eugene Williams,Tenant
                                        1209 W. Shumway Farm Rd.
                                        Phoenix, AZ 85041

Please be advised that pursuant to the Fair Debt Collections Practices Act, I demand no telephonic communication from you in any form. Communication must be in writing.

EXHIBIT G
HONORABLE SUSAN BOLTON COURT ORDERS

# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### OFFICE OF THE CLERK

**BRIAN D. KARTH**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE, SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**DEBRA D. LUCAS**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**MICHAEL S. O'BRIEN**
CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE L500
TUCSON, ARIZONA 85701-5010

June 18, 2012

South Mountain Justice Court
620 W. Jackson St.
Phoenix, Arizona  85003-2205

**ATTN:**          **Civil File Counter**

**RE:**          **REMAND TO SOUTH MOUNTAIN JUSTICE COURT**
          **District Court Case Number:  CV-12-1907-PHX-SRB**
          **Superior Court Case Number: CC 2012-168867 FD**

Dear Clerk:

    Enclosed is a copy of the Order entered in this Court on <u>September 26, 2012</u> remanding the above case to South Mountain Justice Court.

    Sincerely,

    BRIAN D. KARTH, DCE/Clerk of Court

    By __s/ L.Figueroa__
      L.Figueroa, Deputy Clerk

**PLEASE ACKNOWLEDGE RECEIPT OF THIS DOCUMENT AND RETURN IN THE ENVELOPE PROVIDED  -  By** _____ **Dated:** _____

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*

PLAINTIFF EUGENE WILLIAMS AMENDED COMPLAINT FOR DAMAGES

1

## CERTIFICATE OF SERVICE

2

**Delivery by U.S. Mail**:

3

I, Eugene Williams, declare that on January 29, 2013, I served a copy

4

of the amended complaint by placing a true copy in the United States

5

mail, enclosed in a sealed envelope with postage fully prepaid, addressed
as follows:

6

*Attorney for Defendant THG Realty LLC and Treehouse Group Realty*

7

LAW OFFICES OF BONNETT, FAIRBOURN,
FRIEDMAN, & BALINT, P.C.

8

2325 EAST CAMELBACK ROAD, SUITE 300

9

PHOENIX, ARIZONA 85016-3422

10

*Attorney for J. Mark Heldenbrand*

11

PATRICIA A. GITRE PLC
2532 EAST UNIVERSITY DRIVE, SUITE E350

12

PHOENIX, AZ 85032

13

*Proposed Counsel for Defendant THR Phoenix LLC*

14

C/O CORPORATION SERVICE COMPANY
THR PHOENIX LLC

15

2338 W. ROYAL PALM RD. STE J

16

PHOENIX, AZ 85021

17

18

19

20

21

22

23

24

25

PLAINTIFF EUGENE WILLIAMS AMENDED COMPLAINT FOR DAMAGES
-54-